## RUGELEY AND OTHERS v. SMALLEY.

A being indebted to B drew a draft in favor of C and placed it in the hands of C,
with directions to forward the same to B with instructions to collect and apply
the proceeds to the payment of A's indebtedness to him; C indorsed the draft
and remitted it to B with instructions to place the proceeds to his, C's, credit
and to charge him with A's account; B placed the proceeds to C's credit, and
sued A on his account; *Held*, That the instructions from C to B, which accom-
panied the draft, gave notice of A's right to the proceeds, and were obligatory,
and that A's indebtedness to B was discharged.

Error from Harrison.   The plaintiffs in error sued the de-
fendant, as drawer of a draft for five hundred dollars, in favor
of Perry & Spell, addressed to the said plaintiffs, and paid by
them, and the amount charged as directed to the account of

defendant, and they allege his liability for repayment of said sum, with the usual commissions.

The defendant, in his several answers, pleaded payment, in substance and effect, averring that in the month of February, 1851, nearly one year after the date of the first draft, he drew another draft for five hundred and nine 39-100 dollars in favor of Perry & Spell, and directed the same to Messrs. Brander, Williams & Co., which draft was indorsed by Perry & Spell, and placed in the hands of N. B Perry, with directions from the defendant to send or deliver the same to the said plaintiffs, with instructions to collect the same and apply the proceeds to the satisfaction of the draft of five hundred dollars, which is the subject of this suit, all of which instructions were carried out by the said Napoleon B. Perry, and the money was received on the draft by the said plaintiffs, but that they refused to follow the directions given in the application of the proceeds, and wrongfully passed them to the credit of Perry & Spell, without charging to the said Perry & Spell the amount of the draft now sued on, as they had been directed to do, the plaintiffs alleging as a reason for not charging the original draft to the account of Perry & Spell, that it was too much trouble and writing without profit.

On the trial, a letter from Perry & Spell to the plaintiffs was read in evidence, which, among other matters, directed them to collect the enclosed draft for five hundred and nine 39-100 dollars, to place the proceeds to their credit, and charge them with the amount of the draft that Major B. Smalley drew on the plaintiffs last spring for five hundred dollars. Napoleon B. Perry being sworn, among other matters, testified that Perry & Spell gave no other directions than those contained in their letters respecting the second draft, until about fifteen days after the date of the letter, and not until after the plaintiffs had collected the said draft and applied the proceeds to the credit of Perry & Spell, when the witness went to New Orleans and inquired of the plaintiffs whether they had charged the defendant's account to the said Perry & Spell, and they

answered they had not, saying it was too much writing about a small matter. The witness then proved that the defendant was the owner of the second draft, and entitled to the proceeds of the same. This evidence was objected to by the plaintiffs, but their objections were overruled. The witness also proved, that at the time above mentioned, he instructed plaintiffs to charge defendant's account to Perry & Spell, or change the proceeds of the second draft from the credit of Perry & Spell to the credit of defendant, to which instructions the plaintiffs made no answer.

*C. A. Frazier*, for plaintiffs in error. The exception, under the assignment of error, to the charge of the jury is well taken. The charge is substantially this, that if the plaintiffs received the proceeds of the draft on Brander, Williams & Co., as the funds of Smalley, or after receiving them, consented to their application to the payment of the debt sued on, the jury should find for the defendant. The first branch of this charge is not only not predicated on the testimony, but it hypothetically assumes a state of facts directly contradicted by all the testimony in the cause; for the proof is absolutely conclusive that the draft was inclosed to the plaintiffs by Perry & Spell, as their property, and with instructions to collect and apply the proceeds to their credit; and that different directions were not given until fifteen days afterwards.

The second branch of this charge is against law. It will be admitted, that the credit in consideration of the draft on Brander, Williams & Co., given to Perry & Spell, by the plaintiffs, put the plaintiffs in the position of an innocent holder for a valuable consideration, without notice; but viewing the charge with reference to the proof, it assumes that the notice, given fifteen days afterwards, by Perry, and his instruction to charge Smalley's account to Perry & Spell, or change the application of the proceeds of the draft on Brander, Williams & Co., from their credit to that of Smalley, the plaintiffs consenting or agreeing so to do, shifted their position, and en-

titled the defendant to a credit, for the amount of that draft. Now, the rights of all the parties being fixed, and the transaction closed as soon as the draft was collected and applied to the credit of Perry & Spell, under their instructions, what consideration was there to support and render the agreement obligatory in law? The testimony shows no agreement on the part of Perry that the amount of the indebtedness of Perry & Spell, already extinguished by the proceeds of the draft, should be revived against them, and that the firm of Perry & Spell would recognize it as an existing debt, and pay it. If he had thus agreed, was it in his power to revive a debt against the firm of which he was a member, which was properly regarded by the firm as paid? This, without the consent of Spell, his partner, would have been in law a fraud upon him; for there is no proof that Spell had any knowledge of Perry's conduct in the matter.

But the assumed state of facts, to which this charge is applicable, does not exist in the record—that the plaintiffs agreed to charge the defendant's account to Perry & Spell. The proof is, that when Perry called on the plaintiffs to know if they had charged to Perry & Spell the defendant's account, they answered that they had not, that it was too much writing about a small matter. This appears in the plaintiffs' testimony. An objection upon any ground, however frivolous, negatives the fact of consent, and demonstrates that it did not exist. On cross-examination, the witness testified, that when he instructed the plaintiffs, fifteen days after the application of the money collected on the draft of Brander, Williams & Co., to change the application of it to the credit of the defendant, or charge his account to Perry & Spell, they remained silent. The charge of the Judge must have been given on the supposition that silence is consent. Can it be pretended that silence is consent, when a party is called to surrender a benefit to himself, when an affirmative act on his part is necessary to accomplish the act. Silence, under the circumstances of this case, is pregnant with a potent refusal, and it

16

is absurd to give it a different signification. Silence is never binding on the party refusing to speak, unless it operates on an innocent person as a motive to an act which he would not have done had the party spoken ; and nothing of this character appears in this instance.

*Henderson & Jones*, for defendant in error. If we were to admit the facts of the case to be as the plaintiffs in error would have it, that is, that they had no notice of the draft on Brander, Williams & Co., belonging to the defendant, and no directions to apply the proceeds of that draft to the payment of the draft sued on, until after they had received the proceeds, and applied them to the account of Perry & Spell, how much better then would the plaintiffs be ? They complain that they are not allowed to appropriate the property of one man to the payment of the debt of another. It is immaterial when they received notice of the proprietorship, and directions for the application of the money. The money must be rendered to the account of him to whom it is due. If the plaintiffs had been deceived by the form and possession of the draft on Brander, Williams & Co., and had been led by these circumstances to believe that it belonged to Perry & Spell, and, on the faith of this, had given any further credit to Perry & Spell, the case would have been different. But there is no allegation or proof that they gave Perry & Spell any credit on the faith of their being the owners of the draft. Hence, so far from having cause to complain of the instructions of the Court, the instructions were more in their favor than they had a right to.

HEMPHILL, CH. J. To dispose of this case it will not be necessary to recite or consider in detail the charges of the Court and the various assignments of error.

The first charge in substance was, that if the plaintiffs received the proceeds of the draft on Brander, Williams & Co., as the funds of Smalley, or after receiving them consented to

their application to the payment of the debt sued on, the jury should find for the defendant.

We can perceive no substantial error in this instruction. That the plaintiffs did receive the proceeds of the draft as the funds of Smalley, is manifest from the instructions of the letter from Perry & Spell to the plaintiffs. It is very true, that in that letter they were instructed to place the proceeds of the draft to the credit of Perry & Spell, but in the same breath they were also directed to charge the account of Perry & Spell with the amount of the draft drawn by the defendant on the plaintiffs, and which is the subject of this suit.

The proceeds of the second draft, then, were to be received on the condition that though credited to the account of Perry & Spell, yet it was not by way of payment or reduction of the debt of Perry & Spell to the plaintiffs, but as a set-off to the amount of the draft paid by plaintiffs for the defendant, which amount they were requested to charge to Perry & Spell; or, in other words, to enter satisfaction on the demand against defendant, and charge the same to the account of Perry & Spell. The credit to Perry & Spell and the charge against these were to be simultaneous acts. The instructions as to both were equally plain and equally binding upon the plaintiffs. They had no right to apply the proceeds of the draft to the credit of Perry & Spell, unless they also charged their account with the amount of the defendant's indebtedness on the first draft, and by consequence to relieve the latter from his obligation.

The plaintiffs contend, but without any sufficient ground, that they had no notice of the defendant's claim to the proceeds of the draft on Brander, Williams & Co., until they were appropriated to the credit of Perry & Spell, and that they were not bound, on receiving notice afterwards, to change their direction.

This position itself is very questionable. They certainly would be bound to surrender the proceeds to the true owner, when informed of his rights, unless they could show that un-

der the acts of the parties authorizing the belief that the draft was the property of Perry & Spell, they had been induced to give them further credit, or pursue such a course of dealing as would inflict upon them real injury if the rights of the defendant to the proceeds of the draft were now sustained. This might be sufficient, perhaps, to defeat the claims of the defendant. But no such pretension is set up by the plaintiffs, and they can claim nothing on that ground. Were it admitted that the plaintiffs had no notice of defendant's rights, through the letter, yet they had such notice shortly afterwards, and when directed to enter satisfaction on their demand against the defendant, or in other words to charge it to Perry & Spell, they made no answer; and we concur with the Judge below, in the opinion, that from such silence the jury were authorized to infer the assent of the plaintiffs to the arrangement, and that consequently the proceeds of the draft were a fund in the hands of the plaintiffs for the satisfaction of the debt sued upon.

But we are of opinion that the letter itself, enclosing the draft to plaintiffs, gave notice of defendant's rights to the proceeds, and that plaintiffs had no authority to credit the proceeds to the account of Perry & Spell, unless they simultaneously charged said account with the amount due from defendant to the plaintiffs on the first draft, and which, had it been done, would have been in effect a discharge of the defendant's liability to the plaintiffs.

We are of opinion that there is no error in the judgment and that the same be affirmed.

Judgment affirmed.